UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03155-FWS-E                                    Date: December 4, 2025
Title: Nicholle Xiomara Cordova Mejia v. James Janecka *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioner:                    Attorneys Present for Respondents:

Not Present                                                        Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [3]**

Petitioner Nicolle Xiomara Cordova Mejia brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondent Kristi Noem, the Secretary of the Department of Homeland Security ("DHS"), Respondent Todd Lyons, the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), Respondent Ernesto Santacruz, the Acting Director of ICE, and Respondent James Janecka, the warden of the Adelanto Detention Facility in San Bernadino County (collectively, "Respondents"). (Dkt. 1 ("Petition" or "Pet.").) Before the court is Petitioner's *Ex Parte* Application for Temporary Restraining Order. (Dkt. 3 ("Application" or "App.") at 28-30.) On November 24, 2025, the court ordered Respondents "to file a response to the Application on or before November 25, 2025, at 9:00 a.m." (Dkt. 6.) Respondents filed a response to the Application stating that, "At this time, Respondents do not have an opposition argument to present." (Dkt. 7 at 2 ("Response").) Petitioner declined to file a reply in light of the Response. (Dkt. 8.) The court held a hearing on the Application on December 1, 2025. (Dkt. 11.) Based on the state of the record, as applied to the applicable law, the Application is **GRANTED.**

## I.    Background

Petitioner is a citizen of Peru and presented herself to border patrol agents near Lukeville, Arizona, on March 26, 2023. (Pet. ¶ 14.) Petitioner was released on an Order of Recognizance after she was determined not to be a danger to the community or flight risk. (*Id.*; Dkt. 3-2 (Order of Release on Recognizance, "Recognizance Order").) Under the Recognizance Order,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03155-FWS-E                              Date: December 4, 2025
Title: Nicholle Xiomara Cordova Mejia v. James Janecka *et al.*

Petitioner was required to "report for any hearing or interview as directed by [ICE] or the
Executive Office for Immigration Review." (*Id.* at 1.)  On July 15, 2025, Petitioner was granted
withholding of removal by Immigration Judge Jerome Rothschild.  (Dkt 3-1 ("Removal
Order").)  The Immigration Judge Rothschild found Petitioner removable, granted withholding
of removal, and ordered Petitioner removed to Peru.  (*Id.* at 1, 3.)  Both Petitioner and the DHS
waived appeal.  (*Id.* at 3-4.)

Petitioner was not taken into custody when the Removal Order became final, and the
mandatory removal period expired on October 14, 2025.  (Pet. ¶ 27.)  On November 10, 2025,
Petitioner attended a scheduled check-in appointment where a deportation officer revoked her
Recognizance Order "without a notice of violation, an opportunity to be heard, a notice of intent
to remove her to a third country, or a non-refoulement examination before a neutral
adjudicator." (*Id.* ¶ 28.)  Petitioner was simply told that she will be arrested and detained
because "she had a removal order." (*Id.*)  Currently, Petitioner is in the custody of ICE at the
Adelanto Detention Center pursuant to the Removal Order.  (*Id.* ¶¶ 1, 6.)  "No country has
formally accepted Petitioner and her removal and repatriation is not reasonably foreseeable."
(*Id.* ¶ 32.)  Petitioner believes that Respondents have not secured travel documents nor consent
for Petitioner's repatriation.  (*Id.* ¶ 33.)  Petitioner fears that she will be removed imminently to
Mexico or Honduras.  (*Id.* ¶ 36.)

**II.    Legal Standard**

A temporary restraining order ("TRO") may be issued upon a showing "that immediate
and irreparable injury, loss, or damage will result to the movant before the adverse party can be
heard in opposition," and "the movant's attorney certifies in writing any efforts made to give
notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  The analysis
for granting a TRO is "substantially identical" to that for a preliminary injunction.  *Stuhlbarg
Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  Either
"is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement
to such relief."  *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754
(9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03155-FWS-E                              Date: December 4, 2025
Title: Nicholle Xiomara Cordova Mejia v. James Janecka *et al.*

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

## III. Analysis

Petitioner moves for a temporary restraining order requiring Respondents to release Petitioner pending adjudication on the merits of the Petition or to provide Petitioner a proper custodial determination before a neutral decision maker. (App. at 31.) Respondents "do not have an opposition argument to present" at this time. (Dkt. 7 at 2.)

The court analyzes the (1) likelihood of success on the merits, (2) irreparable harm, and (3) balance of the equities and the public interest. *See Winter*, 555 U.S. at 20.

### A.    Likelihood of Success on the Merits

Petitioner alleges claims against Respondents for (1) detention in violation of the Fifth Amendment, (2) procedural due process, (3) violation of 8 U.S.C. § 1231, and (4) violation of the Administrative Procedure Act and the *Accardi* Doctrine. (Pet. ¶¶ 74-103.) Petitioner argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03155-FWS-E                          Date: December 4, 2025
Title: Nicholle Xiomara Cordova Mejia v. James Janecka *et al.*

that she is likely to succeed on the merits of these claims because her detention violates 8 U.S.C. § 1231, and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (App. at 29-30.)

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  U.S. Const. amend. V.  Due process rights extend to noncitizens present in the United States, including those subject to final removal orders.  *Zadvydas*, 533 U.S. at 693-94 ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.  Indeed, this Court has held that the Due Process Clause protects an alien subject to a final order of deportation, though the nature of that protection may vary depending upon status and circumstance." (citation modified)).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation modified).

Title 8, United States Code, Section 1231 governs the detention and removal of noncitizens who have been ordered removed.  This statute directs the Attorney General to remove the noncitizen "within a period of 90 days" and authorizes detention during this removal period.  8 U.S.C. § 1231(a).  "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."  8 U.S.C. § 1231(a)(3); *see Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) ("[A]n alien who is not removed within the 90-day removal period will be released subject to supervision.").

The court finds the record before the court is sufficient to show that Petitioner is likely to succeed on the merits of her claim for violation of 8 U.S.C. § 1231.[1]  *See Winter*, 555 U.S. at

---

[1] Petitioner also argues that ICE cannot remove Petitioner to a third country without adequate notice and an opportunity to be heard.  (App. at 29.)  Petitioner alleges that "a deportation officer attempted to coerce Petitioner to sign a form agreeing to her 'self-deportation'" and "attempted to pressure Petitioner to accept a voluntary removal to Mexico."  (Pet. ¶¶ 31, 34.)  At the hearing, Respondents stated that they were not aware of any plans to remove Petitioner to a country not specified in the Removal Order.  (Dkt. 11.)  Because the court finds a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03155-FWS-E                                    Date: December 4, 2025
Title: Nicholle Xiomara Cordova Mejia v. James Janecka *et al.*

20.  On July 15, 2025, Immigration Judge Rothschild issued the Removal Order, finding Petitioner removable, granting withholding of removal, and ordering Petitioner removed to Peru.  (Dkt. 3-1 at 1, 3.)  Both Petitioner and the DHS waived appeal.  (*Id.* at 3-4.)  According to Petitioner, she was not taken into custody when her Removal Order became final, and the mandatory 90-day removal period expired on October 14, 2025.  (Pet. ¶ 27.)  Petitioner alleges that she attended a scheduled check-in appointment where a deportation officer revoked her Recognizance Order on November 10, 2025—approximately a month after the removal period expired.  (*Id.* ¶ 28.)  Petitioner's position is that her custodial status was not reviewed and that she was never placed on an order of supervision, as required under 8 U.S.C. § 1231(a)(3), (*id.* ¶¶ 30, 55, 90, 93).  Critically, Respondents do not dispute Petitioner's statements, do not argue that they placed Petitioner on an order of supervision or complied with applicable federal regulations, and do not provide any legal authority suggesting Petitioner's claims are without merit.  (Dkts. 7, 11.)  Because there appears to be no dispute that Petitioner was not placed under an order of supervision or that Petitioner's custodial status was not reviewed, the court finds that Respondents failed to comply with 8 U.S.C. § 1231(a)(3).[2]  *See* 8 U.S.C. § 1231(a)(3); *Johnson*, 594 U.S. at 529.  Accordingly, the court finds that Petitioner demonstrates she is likely to succeed on the merits of her claim for violation of 8 U.S.C. § 1231.  *See Winter*, 555 U.S. at 20.

_____

likelihood of success on the merits based on Petitioner's claim for violation of 8 U.S.C. § 1231, and there appears to be no plans to remove Petitioner to a country not specified in the Removal Order, the court need not address Petitioner's argument at this time.  However, the court notes that "[a]ny efforts to remove Petitioner to a third country must comport with due process." *Vaskanyan v. Janecka*, 2025 WL 3050081, at *5 n.1 (C.D. Cal. July 18, 2025).

[2] The court notes that, if Petitioner had been released under an order of supervision, the revocation of that release is governed by 8 C.F.R. §§ 241.13(i)(3) and 241.4(l), which require that "upon revocation" the alien "be notified of the reasons for revocation of his or her release" and given "an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."  8 C.F.R. §§ 241.13(i)(3) and 241.4(l); *see also Constantinovici v. Bondi*, 2025 WL 2898985, at *4-5 (S.D. Cal. Oct. 10, 2025).  Put simply, Petitioner would have been entitled to procedural due process if she was detained.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03155-FWS-E                    Date: December 4, 2025
Title: Nicholle Xiomara Cordova Mejia v. James Janecka *et al.*

B.    **Irreparable Harm**

Petitioner argues that her unlawful detention and separation from her family constitutes
irreparable harm.  (App. at 29-30.)

First, "[i]t is well established that the deprivation of constitutional rights unquestionably
constitutes irreparable injury."  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)
(citation modified); *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (explaining
that a party seeking preliminary injunctive relief for violation of a constitutional right can
establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence
of a colorable constitutional claim); *see Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("[I]njuries to
constitutional rights are considered irreparable for even minimal periods of time.") (citation
modified); *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir.
1984) ("An alleged constitutional infringement will often alone constitute irreparable harm.");
Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 (3d ed. 2019) ("When an alleged
deprivation of a constitutional right is involved . . . most courts hold that no further showing of
irreparable injury is necessary."); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a
party shows a likelihood of success on the merits of a constitutional claim, "the remaining
*Winter* factors favor enjoining the likely unconstitutional law").  "If a plaintiff bringing [a
constitutional] claim shows he is likely to prevail on the merits, that showing will almost always
demonstrate he is suffering irreparable harm as well."  *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th
Cir. 2023).

Second, the court finds that Petitioner's detention causes irreparable harm by subjecting
her to immigration detention and separating her from her family.  (Dkt. 3-3 (Declaration of
Nicolle Xiomara Cordova Mejia) ¶ 21 ("I feel very helpless and vulnerable under this
circumstance and I am so afraid of my life if I continue to stay inside."); ¶¶ 22-23 ("I need to
get out of there since my family needs me.  I miss my family, my mother and my boyfriend.").)
The court finds this is sufficient to show irreparable harm.  *See Washington v. Trump*, 847 F.3d
1151, 1169 (9th Cir. 2017) (explaining that government action that "separated families" caused
"substantial injuries and even irreparable harms"); *Jorge M. F. v. Wilkinson*, 2021 WL 783561,
at *3 (N.D. Cal. Mar. 1, 2021) (finding irreparable harm based on both the irreparable harms

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03155-FWS-E                                    Date: December 4, 2025
Title: Nicholle Xiomara Cordova Mejia v. James Janecka *et al.*

"imposed on anyone subject to immigration detention" and the severe economic hardship and psychological harm that the detainee's family would face).

Accordingly, the court concludes Petitioner demonstrates that she is likely to suffer irreparable harm. *See Winter*, 555 U.S. at 20.

### C.    Balance of Equities and Public Interest

"A plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor." *Baird*, 81 F.4th at 1042. And "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Cal. Chamber of Commerce v. Council for Educ. and Research on Toxics*, 29 F.4th 468, 482 (9th Cir. 2022) (citation modified). Indeed, "public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law").

Here, the court finds Petitioner has sufficiently demonstrated a likelihood of success on the merits, *see* Section III.A, *supra*, which tips the merged factors in her favor. *See Baird*, 81 F.4th at 1042. The court finds Petitioner has adequately demonstrated that the hardship balance "tips sharply" in her favor and the public interest weighs in her favor at this stage. *All. for the Wild Rockies*, 632 F.3d at 1132; *see California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("When the government is a party, the last two factors merge.").

In summary, the court concludes Petitioner has made a sufficient showing on all of the *Winter* factors to be entitled to a temporary restraining order.

### IV.    Disposition

For the foregoing reasons, the Application is **GRANTED**. The court's previous order "that Petitioner may not be removed from the Central District of California and Respondents are

---

**CIVIL MINUTES – GENERAL**                                                              7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03155-FWS-E                                     Date: December 4, 2025
Title: Nicholle Xiomara Cordova Mejia v. James Janecka *et al.*

enjoined from relocating Petitioner outside the Central District of California," (Dkt. 9), is **MODIFIED** as follows:[3]

   Respondents are **ORDERED** to release Petitioner from custody on or before **10:00 a.m. Pacific Standard Time**, on **December 5, 2025.**[4]

   Respondents are **ORDERED** to show cause in writing on or before **December 11, 2025,** as to why the court should not issue a preliminary injunction in this case.  Petitioner may file a response on or before **December 18, 2025**.  The court sets a hearing on whether a preliminary injunction should issue on **January 7, 2026, at 1:30 p.m., in Courtroom 10D.**

---

[3] This Order supersedes the court's prior order, (Dkt. 9).
[4]  Nothing in this Order prevents future lawful immigration proceedings related to Petitioner.